**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **BRANDON CALLIER,** | § | |
| **Plaintiff,** | § | |
| **v.** | § | **EP-26-cv-00879-DCG** |
| **SELECT HOME WARRANTY LLC,** a New Jersey Limited Liability Company | § | |
| **Defendant.** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**PARTIES**

1. Plaintiff BRANDON CALLIER ("Plaintiff") is a natural person, resident of the Western District of Texas, and was present in El Paso County, Texas, for all texts in this case.

2. Defendant SELECT HOME WARRANTY LLC ("Select Home") is a limited liability company organized and existing under the laws of New Jersey and can be served via its registered agent, Vcorp Agent Services, Inc., 820 Bear Tavern Road, West Trenton, New Jersey 08628.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over Count I under 28 U.S.C. § 1331, because the claims arise under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227. *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 386-87 (2012) (holding that federal courts have federal question jurisdiction over private actions brought under the TCPA).

4. The Court has pendant jurisdiction over the Texas Business and Commerce Code claims under 28 U.S.C § 1367.

5. This Court has specific personal jurisdiction over Defendant because Defendant purposefully availed itself of the State of Texas and of this District, and there is a sufficient relationship between Defendants' purposeful contacts with Texas and the litigation.

a. Defendant targets Texas when marketing home warranty services and regularly conducts business in this District, including by telephone solicitation.

b. Defendant sent phone calls to Plaintiff's El Paso, Texas area phone number with area code 915 to generate leads for Defendant.

c. The purposeful phone calls to Texas injured Plaintiff in Texas, creating a causal link between Defendant, the forum, and the litigation that exceeds the non-causal affiliation that is sufficient to support the specific personal jurisdiction. *See Ford Motor Co. v Mont. Eight Jud. Dist. Ct.*, 141 S. Ct. 1017 (2021).

6. Venue is proper under 28 U.S.C. § 1391(b)(1)-(2) because a substantial part of the events giving rise to the claims—the calls and sale of goods and services directed at Texas residents, including the Plaintiff—occurred in this District and because the Plaintiff resides in this District. Residing in the Western District of Texas, he received a substantial, if not every single, phone call from Defendant, which is the subject matter of this lawsuit.

**THE TELEPHONE CONSUMER PROTECTION ACT**

**OF 1991, 47 U.S.C. § 227**

7. In 1991, Congress enacted the TCPA to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

8. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

9. The TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes. 47 U.S.C. § 227(b)(1)(B).

10. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(b). 47 U.S.C. § 227(b)(3).

11. Separately, the TCPA bans making telemarketing calls without a do-not-call policy available upon demand. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)(1).

12. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

13. The FCC recognizes that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

14. The FCC requires "prior express consent" for all autodialed or prerecorded telemarketing robocalls to wireless numbers and residential lines. In particular:[A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received clear and conspicuous disclosure of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees

unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.

15. *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote and internal quotation marks omitted). FCC regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

16. The FCC confirmed this principle in 2013, when it explained that "a seller … may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6574 ¶ 1 (2013).

17. Under the TCPA, a text message is a call. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 – 52 (9th Cir. 2009).

18. A corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *E.g.*, *Jackson Five Star Catering, Inc. v. Beason*, Case No. 10-10010, 2013 U.S. Dist. LEXIS 159985, at *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they had direct, personal participation in or personally authorized the conduct found to have violated the statute." (internal quotation marks omitted)); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415 – 16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

**TEXAS BUSINESS AND COMMERCE CODE CHAPTER 302**

19. "Telephone call" has the meaning assigned by Section 304.002. TBCC § 302.001(6-a).

20. "Telephone solicitation" means a call or transmission, including a transmission of a text or graphic message or of an image, initiated by a seller or salesperson to induce a person to induce a person to purchase, rent, claim, or receive an item. Tex. Bus. & Com. Code § 302.001(7).

21. An "item" is defined as a property or service." Tex. Bus. & Com. Code § 302.001(1).

22. A person makes a telephone solicitation if the person effects or attempts to effect a telephone solicitation. Tex. Bus. & Com. Code § 302.002.

23. A "seller" is defined as "A person who makes a telephone solicitation on the person's on behalf." Tex. Bus. & Com. Code §302.001(5).

24. A "salesperson" is defined as "A person who is employed or authorized by a seller to make a telephone solicitation." Tex. Bus. & Com. Code §302.001(4).

25. A person commits an offense if the person knowingly acts as a salesperson on behalf of a seller who violates the registration requirements of this chapter. Tex. Bus. & Com. Code §302.252(a).

26. When a telephone solicitation is made and before consummation of any sales transaction, a seller shall provide to each purchaser the complete street address of the location from which the salesperson is calling the purchaser and if different, the complete street address of the seller's principal location. TBCC § 302.202(1).

27. The fact that a claimant has recovered under a private action arising from a violation of this chapter more than once may not limit recovery in a future legal proceeding in any manner. TBCC § 302.003(b)

28. Federal common law principles of agency apply to TBCC violations…and the conduct of the telemarketer who makes the calls can be imputed to the seller if the telemarketer is an agent of the seller. *Guadian v. Progressive Debt Relief, LLC*, No. EP-23-cv-235, 2023 WL 7393129, at *4 (W.D. Tex. Nov. 8, 2023); *see also Callier v. Tip Top Cap. Inc.*, No. EP-23-cv-437, 2024 WL 1637535, at *3 (W.D. Tex. Apr. 16, 2024) (holding that a seller violates § 302.101 when a telemarketer makes calls on behalf of a seller who does not hold a registration certificate); *Forteza v. Pelican Inv. Holdings Grp., LLC*, No. 23-cv-401, 2023 WL 9199001, at *6 (E.D. Tex. Dec. 27, 2023) (same); *Salaiz v. Beyond Fin., LLC*, No. EP-23-cv-6, 2023 WL 6053742, at *5 (W.D. Tex. Sept. 18, 2023) (refusing to dismiss a § 302.101 claim because "Plaintiff has plausibly alleged that Defendant effected or attempted to effect the thirteen calls Plaintiff received by hiring telemarketers to make those calls.").

29. The Plaintiff may seek damages for violations of Texas Business and Commerce Code § 302.101 of up to $5,000 per violation, reasonable costs of prosecuting the action, court costs, investigation costs, depositions expenses, witness fees, and attorney's fees.

30. Texas Business and Commerce Code § 302.101 provides a private right of action. A violation of Chapter 302 "is a false, misleading, or deceptive act or practice under Subchapter E, Chapter 17" and is enforceable as such: "A public or private right or remedy prescribed by Subchapter E, Chapter 17, may be used to enforce [Chapter 302." Tex. Bus. & Com. Code § 302.303.

31. The use or employment by any person of a false, misleading, or deceptive act or practice" causes "economic damages or damages for mental anguish." Tex. Bus. & Com. Code § 17.50.

**TEXAS BUSINESS AND COMMERCE CODE § 305.053**

32. A person who receives a communication that violates 47 U.S.C. Section 227, a regulation adopted under that provision, or Subchapter A may bring an action in this state against the person who originates the communication for damages in the amount provided by this section. Tex. Bus. & Com. Code § 305.053(a)(2).

33. A plaintiff who prevails in an action for damages under this section is entitled to the greater of $500 for each violation or the plaintiff's actual damages. Tex. Bus. & Com. Code § 305.053(b)(1-2).

34. The fact that a claimant has recovered under a private action arising from a violation of this chapter more than once may not limit recovery in a future legal proceeding in any manner. Tex. Bus. & Com. Code § 305.055.

**FACTUAL ALLEGATIONS**

35. Plaintiff successfully registered his phone number on the National Do Not Call registry ("NDNC") on December 11, 2007.

36. Plaintiff never removed his phone number from the NDNC.

37. Defendant offers home warranty service in Texas and throughout the nation.

38. Plaintiff never inquired about Defendant's services or gave Defendant permission to call or text Plaintiff.

39. On March 25, 2026, at 1:24 PM, Plaintiff received a phone call that displayed 305-851-7800 on Plaintiff's caller identification. Plaintiff answered the phone call, and the solicitor stated, "This is JP from Select Home Warranty."

40. Plaintiff asked JP if he had previously spoken to him. JP responded, "No."

41. Plaintiff had not previously spoken to JP or inquired about Defendant's services

42. JP, without a request from Plaintiff, immediately sent Plaintiff two solicitation text messages.

43. Plaintiff was at work and ended the call.

44. On March 25, 2025, at 2:21 PM, Plaintiff reviewed the texts and verified that the texts and calls were indeed from Defendant. Plaintiff immediately sent a Do Not Call Request to Defendant's attorney.

45. On March 26, 2026, at 10:39 AM, Plaintiff sent a DNC request to Defendant.

46. On March 26, 2026, at 10:40 AM, Defendant sent Plaintiff an email stating, "Thank you for your email. Your case # is 03942411," acknowledging receipt of Plaintiff's DNC request.

47. On March 27, 2026, Plaintiff sent Defendant's attorney another email informing him of continued solicitation calls.

48. On March 27, 2026, at 11:47 AM, Plaintiff sent another email to Defendant informing Defendant that the solicitation calls were continuing.

49. On March 27, 2026, at 11:47 AM, Defendant sent Plaintiff an email stating, "Thank you for your email. Your case # is 03943676," acknowledging receipt of Plaintiff's DNC request.

50. On March 27, 2026, at 1:06 PM, Plaintiff received a phone call that displayed 646-631-7764 on Plaintiff's caller identification. Plaintiff answered the phone call, and a robotic prerecorded voice began to play, stating, "Hi, this is Jill with Select Home Warranty. I saw you recently requested a quote. Your zip code is one of our best-covered areas right now."

51. Plaintiff has never, at any time, requested information for a quote from Defendant.

52. Plaintiff purchased a home warranty product with Defendant as proof that it was, in fact, Defendant who had called Plaintiff.

53. Defendant charged Plaintiff's credit card $428. The charge read "Select Home Warranty," confirming the call's origin.

54. During the purchase phone call, the agent stated, "We called you because you had inquired a couple of days ago for your home in Brooklyn."

55. Plaintiff informed Defendant's agent that he does not live in Brooklyn.

56. On March 27, 2026, at 2:05 PM, Plaintiff emailed Defendant requesting that the policy be cancelled, the payment refunded, and that another DNC request be delivered.

57. Each of the phone calls in this case was a solicitation phone call selling home warranty products and services.

58. Plaintiff did not give Defendant consent to send any of these prerecorded messages.

59. Table A displays each of the phone calls received by Plaintiff from Defendant.

**TABLE A**

| **Number** | **Date** | **Time** | **Caller ID** | **Notes** |
|---|---|---|---|---|
| **1.** | 03/25/2026 | 1:24 PM | 305-851-7800 | This is JP from Select Home Warranty |
| **2.** | 03/25/2026 | 1:26 PM | 786-936-7602 | Solicitation text |
| **3.** | 03/25/2026 | 1:26 PM | 786-936-7602 | Solicitation Picture Text |
| | 03/25/2026 | 2:21 PM | | Emailed SHW attorney |
| **4.** | 03/25/2025 | 2:58 PM | 64997 | Solicitation text |
| | 03/26/2026 | 10:39 AM | | Emailed DNC request to SHW |
| | 03/26/2026 | 10:40 AM | | SHW replied, acknowledging DNC request |

| | | | | |
|---|---|---|---|---|
| **5.** | 03/26/2026 | 3:09 PM | 64997 | Solicitation text |
| **6.** | 03/27/2026 | 11:28 AM | 64997 | Solicitation text |
| | 03/27/2026 | 11:47 AM | | Emailed SHW attorney about the continued contract |
| | 03/27/2026 | 11:47 AM | | Emailed SHW again about calls |
| | 03/27/2026 | 2:05 PM | | SHW replied, acknowledging the DNC request |
| **7.** | 03/27/2026 | 12:11 PM | 786-936-7602 | Solicitation Picture text |
| **8.** | 03/27/2026 | 12:11 PM | 786-936-7602 | Solicitation text |
| **9.** | 03/27/2026 | 1:06 PM | 646-631-7764 | Ai...Jill from Smart Home Warranty |
| **10.** | 03/27/2026 | 1:18 PM | 64997 | Solicitation text |
| | 03/27/2026 | 1:28 AM | | Sent another DNC Request |
| **11.** | 03/28/2026 | 9:17 AM | 786-936-7602 | Solicitation Picture text |
| **12.** | 03/28/2026 | 9:17 AM | 786-936-7602 | Solicitation text |
| **13.** | 03/30/2026 | 9:45 AM | 786-936-7602 | Solicitation text |

60. On March 29, 2026, Plaintiff searched the Texas Secretary of State telephone solicitation registration website at https://direct.sos.state.tx.us/telephone/TelephoneSearch.asp, and did not find a valid Texas telephone solicitation registration.

61. Defendant has never been registered to solicit in Texas.

62. Defendant made each of the calls in Texas without being registered to telephone solicit.

63. Defendant did not provide Plaintiff with a contract to review prior to making a purchase.

64. Plaintiff has limited data storage capacity on his cellular telephone. Incoming telemarketing calls consumed part of this capacity.

65. No emergency necessitated the calls.

**INJURY, HARM, AND DAMAGES AS A RESULT OF THE CALLS**

66. Defendant's calls harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy.

67. Defendant's calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone.

68. Defendant's calls harmed Plaintiff by intruding upon Plaintiff's seclusion.

69. Plaintiff has been harmed, injured, and damaged by the calls, including, but not limited to: reduced device storage space, reduced data plan usage, anger, frustration, invasion of privacy, and more frequent charging of my cell phone.

70. Plaintiff incurred increased electric bills as a result of more frequent charging of his cell phone related to the unauthorized phone calls.

**<u>COUNT ONE:</u>**

**Non-Emergency Prerecorded Call to Cellular Telephones, 47 U.S.C. 227(b)(1)(A)(iii)**

71. Plaintiff realleges and incorporates by reference every allegation set forth in paragraphs 1-70.

72. The foregoing acts and omissions of Defendant and/or their affiliates or agent constitute multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), by making non-emergency telemarketing ATDS texts to Plaintiff's cellular telephone numbers without his prior express written consent.

73. Plaintiff was statutorily damaged at least one (1) time under 47 U.S.C § 227(b)(3)(B) by Defendants by the telephone calls described above, in the amount of $500.00 per call.

74. Plaintiff was further statutorily damaged because Defendants willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damages amount as permitted under U.S.C. § 227(b)(3)(C) for this willful or knowing violation.

**COUNT TWO:**
**Violations of Texas Business and Commerce Code § 305.053**
**Prerecorded Phone Calls in violation of 47 U.S.C. 227(b)**

75. Plaintiff realleges and incorporates by reference every allegation set forth in paragraphs 1-74.

76. Defendant placed at least one (1) prerecorded phone call to Plaintiff in violation of 47 U.S.C. § 227(b).

77. A person who receives a communication that violates 47 U.S.C. Section 227, a regulation adopted under that provision, or Subchapter A may bring an action in this state against the person who originates that communication. Tex. Bus. Com. Code § 305.053.

78. Plaintiff was statutorily damaged at least one (1) time under 47 U.S.C § 227(b)(3)(B) by Defendant by the telephone calls described above, in the amount of $500.00 per call. Tex. Bus. Com. Code § 305.053(b)(1).

79. If the court finds that the defendant committed the violation knowingly or intentionally, the court may increase the amount of the award of damages under Subsection (b) to not more than the greater of $1,500 for each violation. Tex. Bus. Com. Code § 305.053(c)(1).

80. The fact that a claimant has recovered under a private action arising from a violation of this chapter more than once may not limit recovery in a future legal proceeding in any manner. Tex. Bus. Com. Code § 305.055.

**COUNT THREE**
**Violation of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. 227(c), and 47 C.F.R. § 64.1200(C))**

81. Plaintiff realleges and incorporates by reference every allegation set forth in paragraphs 1-80.

**82.** The foregoing acts and omissions of Defendant and/or their affiliates or agents constitute a violation of FCC regulations by making multiple telemarketing solicitations to a consumer on the National Do-Not-Call Registry within a 12-month period in violation of 47 C.F.R. § 64.1200(c)(2).

**83.** Defendant solicitation calls and text messages to Plaintiff's private residential telephone number, which was successfully registered on the National Do-Not-Call Registry more than thirty-one (31) days prior to the automated text messages, in violation of 47 U.S.C § 227(c)(3)(F), and 47 C.F.R. § 64.1200(c)(2).

**84.** Plaintiff was statutorily damaged at least thirteen (13) times under 47 U.S.C. § 227(c)(3)(F) by Defendant by the calls and text messages described above, in the amount of $500 per automated text message.

**85.** Plaintiff is entitled to an award of at least $500 in damages for each such violation.

**86.** 47 U.S.C. § 227(c)(5)(B).

87. Plaintiff is entitled to an award up to $1,500 in damages for each knowing or willful violation of 47 U.S.C. § 227(c)(3)(F).

## COUNT FOUR
## Violations of Texas Business and Commerce Code § 305.053
## Solicitation Phone Calls in Violation of 47 U.S.C. § 227(c)

88. Plaintiff realleges and incorporates by reference every allegation set forth in paragraphs 1-87.

89. Defendant placed at least thirteen (13) solicitation phone calls to Plaintiff's cellular telephone, which was registered on the National Do Not Call Registry for more than 31 days prior to receipt of the first phone call, in violation of 47 U.S.C. § 227(c).

90. A person who receives a communication that violates 47 U.S.C. Section 227, a regulation adopted under that provision, or Subchapter A may bring an action in this state against the person who originates that communication. Tex. Bus. Com. Code § 305.053.

91. Plaintiff was statutorily damaged at least twelve (12) times under 47 U.S.C § 227(c)(3)(F), and 47 C.F.R. § 64.1200(c)(2) by Defendant by the telephone calls described above, in the amount of $500.00 per call. Tex. Bus. Com. Code § 305.053(b)(1).

92. If the court finds that the defendant committed the violation knowingly or intentionally, the court may increase the amount of the award of damages under Subsection (b) to not more than the greater of $1,500 for each violation. Tex. Bus. Com. Code § 305.053(c)(1).

93. The fact that a claimant has recovered under a private action arising from a violation of this chapter more than once may not limit recovery in a future legal proceeding in any manner. Tex. Bus. Com. Code § 305.055

## COUNT FIVE
**Violations of Texas Business and Commerce Code § 302.101**
**Failure to Register for Telephone Solicitation**

94. Plaintiff realleges and incorporates by reference every allegation set forth in paragraphs 1-93.

95. The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of the Texas Business and Commerce Code 302.101, by making thirteen (13) non-registered solicitation calls to Plaintiff's cellular telephone number without his prior express written consent.

96. Plaintiff is entitled to an award of up to $5,000 in damages for each such violation. Texas Business and Commerce Code 302.302(a).

97. Plaintiff is entitled to an award of all reasonable costs of prosecuting the action, including court costs, investigation costs, deposition expenses, witness fees, and attorney's fees. Texas Business and Commerce Code 302.302(d)

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Brandon Callier prays for judgment against Defendant as follows:

A. Leave to amend this Complaint to name additional DOESs as they are identified and to conform to the evidence presented at trial;

B. A declaration that actions complained of herein by Defendant violate the TCPA and Texas state law;

C. An award of $1,500 per call in statutory damages arising from the TCPA 47 U.S.C. 227(b) intentional violations for one (1) call;

D. An award of $1,500 per call in statutory damages arising from Texas Business and Commerce Code 305.053 pursuant to 47 U.S.C. 227(b) for one (1) call;

E. An award of $1,500 per call in statutory damages arising from the TCPA 47 U.S.C. 227(c) intentional violations for thirteen (13) calls;

F. An award of $1,500 per call in statutory damages arising from Texas Business and Commerce Code 305.053 pursuant to 47 U.S.C. 227(c) for thirteen (13) calls;

G. An award of $5,000 per call in statutory damages arising from Texas Business and Commerce Code 302.101 for thirteen (13) calls;

H. An award to Plaintiff of damages, as allowed by law under the TCPA;

I. An award to Plaintiff of damages, as allowed by law under the TBCC;

J. An award to Plaintiff of interest, costs, and attorneys' fees, as allowed by law and equity.

K. Such further relief as the Court deems necessary, just, and proper.

Dated: March 30, 2026,

Respectfully submitted,

/s/ Brandon Callier

______________________________

Brandon Callier
Plaintiff, Pro Se
1490 A George Dieter Drive
#174
El Paso, TX 79936
915-383-4604
Callier74@gmail.com